UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST NAPPER, Jr.,<br><br>                                   Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPT., VISTA DETENTION FACILITY,<br><br>                                   Defendant. | Case No.:  3:21-cv-00100-AJB-AGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 3] AS MOOT** |

Ernest Napper, Jr. ("Plaintiff"), currently incarcerated at George Baily Detention Facility ("GBDF"), has filed a pro se civil rights action pursuant 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. He has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. §1915(a). (*See* ECF No. 2.) He has also filed a Motion to Appoint Counsel. (ECF No. 3.)

/ / /

/ / /

## I.  Motion to Proceed In Forma Pauperis

### A.  Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Napper, however, "face an additional hurdle." *Id*. In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id*.; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether

the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Therefore, this Court finds, based on a review of its own dockets and other court proceedings available on PACER, that Plaintiff Ernest Napper, Jr. has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Napper v. Wong*, Civil Case No. 2:08-cv-03826-UA-AN (C.D. Cal., West. Div., July 1, 2008 Order denying IFP and dismissing case as "frivolous" and for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) [ECF No. 2]) (strike one);

2) *Napper v. Wong, el al.*, Civil Case No. 2:09-cv-03446-UA-AN (C.D. Cal., West. Div., July 2, 2009 Order denying IFP and dismissing case as "frivolous" and for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) [ECF No. 2]) (strike two);

3) *Napper v. Haws, et al.*, Civil Case No. 2:09-cv-04063-UA-AN (C.D. Cal., West. Div., Aug. 19, 2009, Order dismissing case as "frivolous" and "for failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) [ECF No. 3]) (strike three).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). The Court has reviewed Plaintiff's complaint and concludes it contains no "plausible allegations" to suggest Napper "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). In count one, Napper alleges that the Defendants failed to take him a video hearing on a restraining order. Compl. at 3-6. In count two, he contends he gave an envelope containing confidential information which was marked "legal mail" to a jail employee for mailing, but the letter was instead left in a common area of the jail. Compl. at 7-10. In count three, Napper alleges Defendants refused to process grievances or make copies of legal documents. Compl. at 11-12. These allegations do not rise to the level of "imminent danger of serious physical injury." *See Cervantes*, 493 F.3d at 1055.

Accordingly, because Napper has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See id.*; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (stating that "court permission to proceed IFP is itself a matter of privilege and not right").

## II. Conclusion and Orders

Good cause appearing, the Court:

1. **DENIES** the Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(g) [ECF No. 2];

2. **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

3. **DENIES** the Motion to Appoint Counsel [ECF No. 3] as moot.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated:  February 17, 2021

_____
Hon. Anthony J. Battaglia
United States District Judge